IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROSEZONDA L. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:14cv464 |
| | ) | |
| | ) | |
| MCAP CHRISTIANSBURG, LLC, and | ) | By: Michael F. Urbanski |
| COMMONWEALTH ASSISTED LIVING, LLC,) | | United States District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Rosezonda L. Martin filed this employment action on August 29, 2014. Her original complaint alleged three claims: sexual harassment (Count I); retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964 (Count II); and wrongful discharge under Virginia Code § 65.2-308 (Count III). Defendants filed an answer along with a motion to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6). The court held oral argument on the motion on December 15, 2014. By Oral Order entered the same day, the court granted the motion to dismiss as to Count II and gave plaintiff "leave to file any amended complaint within 14 days." Dkt. # 25. Martin filed an amended complaint on December 18, 2014. The amended complaint alleges only one count – sexual harassment. Defendants filed an answer to the amended complaint on December 31, 2014.

That same day, according to defendants, defense counsel received notice that defendants had been sued by Martin in the Montgomery County Circuit Court for wrongful discharge pursuant to Virginia Code § 65.2-308, the same claim raised in Count III of Martin's original federal complaint. On January 20, 2015, defendants filed a motion to dismiss with prejudice Count III of Martin's original complaint pursuant to Federal Rule of Civil Procedure 41(b) (Dkt. # 31), arguing Martin

failed to obtain a voluntary dismissal of Count III pursuant to Rule 41(a) and should not be permitted to re-file the same claim asserting identical allegations in Virginia state court. Specifically, defendants argue that Martin's failure to comply with Rule 41(a) warrants a dismissal of Count III with prejudice pursuant to Rule 41(b). In the alternative, defendants ask the court to retain Count III and "preclude Plaintiff from prosecuting the same claim in state court in contravention of Rule 41(a)." Defs.' Mot. to Dismiss Br., Dkt. # 32, at 5.

For her part, Martin asserts that she is no longer pursuing a claim for wrongful discharge pursuant to Virginia Code § 65.2-308 in federal court; thus, there is nothing preventing her from filing such a claim in state court. Along with her response to defendants' motion, Martin filed her own motion to dismiss Counts II and III of her original complaint without prejudice (Dkt. # 34) pursuant to Rule 41(a)(2), as well as a proposed order, in the event the court found such a dismissal to be necessary. Given the fact that Martin did not raise either the retaliatory discharge claim or the § 65.2-308 claim in her amended complaint, the court entered the order proposed by Martin and dismissed Counts II and III of the original complaint without prejudice pursuant to Rule 41(a)(2). At the time, the court had not reviewed defendants' pending motion to dismiss and had not yet received defendants' response in opposition to Martin's motion to dismiss. Thus, the court was not aware that defendants objected to any dismissal without prejudice of Count III. Accordingly, the court will **VACATE** its Order of Dismissal (Dkt. # 37) entered February 6, 2015. Having now reviewed the pending motions to dismiss and accompanying briefs and carefully considered the arguments of counsel, the court finds that both motions should be **DENIED**.

Put simply, the court cannot dismiss a claim that is not currently before it. By Oral Order entered December 15, 2014, the court granted Martin leave "to file any amended complaint within 14 days," Dkt. # 25, in accordance with Rule 15(a)(2). Martin indeed filed an amended complaint on December 18, 2014, and that amended complaint "'supersedes the original [complaint] and

2

renders it of no legal effect.'" Jeffrey M. Brown Assoc., Inc. v. Rockville Ctr. Inc., 7 F. App'x 197, 202 (4th Cir. 2001) (quoting Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001)); see also Fontell v. Hassett, 870 F. Supp. 2d 395 (D. Md. 2012) ("Plaintiff's Second Amended Complaint supersedes her prior complaints and effectively nullifies them.").

Defendants argue that Rule 41(a) is the proper way to dismiss Counts II and III of the original complaint and that plaintiff's failure to comply with this rule warrants dismissal with prejudice of these two counts. The court cannot agree. "Rule 15 is technically the proper vehicle to accomplish a partial dismissal." Skinner v. First Am. Bank of Va., 64 F.3d 659 (4th Cir. 1995) (unpublished); accord Iraheta v. United of Omaha Life Ins. Co., 353 F. Supp. 2d 592, 595 (D. Md. 2005).

Consider the case of Addamax Corp. v. Open Software Foundation, Inc., 149 F.R.D. 3 (D. Mass. 1993). There, plaintiff Addamax sought leave to file an amended complaint, which dropped certain claims that had been alleged in the original complaint but still asserted some claims against each of the three defendants. The magistrate judge entered an order granting Addamax leave to amend but included in his order the following language:

> The filing of the First Amended Complaint does not, in and of itself, act to dispose of claims set forth in the original Complaint which were omitted from the First Amended Complaint. If plaintiff wishes to dismiss those claims, it must either obtain a Stipulation of Dismissal signed by all the parties or file a motion to dismiss pursuant to Rule 41(a)(2), Fed. R. Civ. P.

149 F.R.D. at 5. On reconsideration, the magistrate judge vacated this paragraph of his order, finding it to be an erroneous statement of the law, as Rule 41 applies only when an action, in its entirety, is to be dismissed: "Thus, my statement . . . is incorrect. Rule 15(a), Fed. R. Civ. P., is the proper vehicle to drop some but not all claims against a defendant or defendants." Id. The magistrate judge went on to note that in granting leave to amend, the court has the power under Rule 15(a) to grant leave upon certain conditions. One such condition "may properly be that claims

3

contained in the original complaint but not included in the amended complaint be considered dismissed with prejudice." Id. (citing 5 Moore's Fed. Practice ¶ 41.06-1, p. 41-82-3 (2d ed. 1993 rev.)). The plaintiff in Addamax sought to drop the claims asserted in the original complaint but not in the amended complaint without prejudice; the defendants, however, argued the claims should be dismissed with prejudice "so that plaintiff cannot thereafter reassert them in other litigation." Id. at 6. The magistrate judge held that, generally:

> [I]f claims contained in the original complaint are not reasserted in the amended complaint, the claims not reasserted are deemed to have been withdrawn or dropped without prejudice. Put another way, an amendment which "eliminates" causes of action ". . . has the effect of a voluntary dismissal by plaintiff of such causes." Etablissemenets Neyrpic v. Elmer C. Gardner, Inc., supra, 175 F. Supp. [355, 358 (S.D. Tex. 1959)]; Smith, Kline & French Laboratories v. A.H. Robins Co., supra, 61 F.R.D. [24, 31 (E.D. Pa. 1973)]. Presumably, in such a situation, no further action over and above the allowance of the motion to amend is needed in order to effectuate the voluntary dismissal.

Id. In Addamax, defendants opposed the motion to amend on the ground that the claims not reasserted be dismissed with prejudice, and the magistrate judge intended to impose an express condition on the filing of an amended complaint by including the disputed language in his order. As the magistrate judge later recognized, however, it was "an erroneous mechanism for accomplishing that result." Id. at 7.

While courts may have discretion to impose certain conditions on an amendment pursuant to Rule 15(a), the court imposed no such conditions on amendment in the instant case. Thus, the filing of the amended complaint has the effect of a voluntary dismissal of Counts II and III without prejudice. No further action by plaintiff was or is required.

In any event, granting leave to amend pursuant to Rule 15(a)(2) and dismissing an action pursuant to Rule 41(a)(2) are both within the court's discretion. At this early stage of the proceedings, the court finds no prejudice to defendants in allowing plaintiff to amend her complaint

4

to drop Counts II and III without prejudice.  Cf. Skinner, 64 F.3d 659 (defendant would be prejudiced if leave to amend were granted, given time and expense incurred in engaging in discovery and preparing for summary judgment); Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987) (leave to amend properly denied right before trial and after completion of discovery); Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987) (denial of voluntary dismissal appropriate where summary judgment is imminent (citing Pace v. S. Express Agency, 409 F.2d 331, 334 (7th Cir. 1969)).

    Accordingly, both motions to dismiss will be **DENIED**.  An appropriate Order will be entered.

    Entered:  February 10, 2015

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge