CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROSEZONDA L. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 7:14cv464 ) ) |
| MCAP CHRISTIANSBURG, LLC, et al., | ) By: Hon. Michael F. Urbanski ) United States District Judge |
| Defendants. | ) |

## ORDER

This matter is before the court on a number of outstanding motions in limine. The parties appeared before the court for a hearing on May 12, 2016 and presented argument. For the reasons stated on the record in open court, it is hereby **ORDERED** as follows:

1. Defendants' first motion in limine to exclude testimony of Dr. Gregory Beato (ECF No. 106) is **DENIED**. Plaintiff represents that she will not offer Dr. Beato as an expert witness or otherwise elicit opinion testimony from him, and the court will permit Dr. Beato to testify as a fact witness at trial.

2. Defendants' motion in limine to exclude evidence related to plaintiff's allegations of workers' compensation retaliation (ECF No. 108), and plaintiff's third motion in limine to exclude evidence concerning her pending state court lawsuit for worker's compensation retaliation (ECF No. 128), are both **GRANTED**. Plaintiff's termination is not an issue in this case, and the jury will be so instructed. Evidence of the retaliation lawsuit pending in Montgomery County Circuit Court is not relevant to this sexual harassment case and would serve only to confuse the jury.

3. Defendants' third motion in limine to exclude evidence related to plaintiff's allegations of text harassment due to plaintiff's spoliation of evidence (ECF No. 110) is **TAKEN UNDER ADVISEMENT**. Plaintiff claims to have in her possession no text messages from her alleged

harasser, C.J. Long. Defendants ask that any mention of alleged harassment via text message be excluded from plaintiff's trial testimony due to her spoliation of this evidence. Defendants have not established that plaintiff deleted these messages at a time when litigation was reasonably foreseeable, however. The court declines at this point to exclude all references to these text messages but reserves any ruling on whether to give an adverse inference instruction until the evidence is presented at trial.

 4. Plaintiff's motion in limine (ECF No. 112) is **GRANTED in part** and **DENIED in part** as follows:

  a. Plaintiff's motion to exclude a transcript of certain recorded voicemails from Long (ECF No. 112, ¶ 1) is **DENIED**. The parties are **DIRECTED** to confer and, **no later than 30 days** prior to trial, either (a) file a stipulated transcript of these audio recordings that can be used at trial to aid the jury, or (b) notify chambers that such a stipulation could not be reached and why. If the latter occurs and the court finds that one party is being unreasonable in this endeavor, the court will order transcription of these audio recordings by a court reporter at the expense of the unreasonable party.

  b. Plaintiff's motions to exclude evidence concerning her prior or subsequent employment (ECF No. 112, ¶ 2), evidence that she referred to an African-American co-worker at a former place of employment as "Buckwheat" (ECF No. 112, ¶ 3), and evidence concerning plaintiff's relationship with her ex-husband (ECF No. 112, ¶ 4) are all **DENIED**. The court finds this evidence is relevant to plaintiff's credibility, her alleged damages and harm, and the severe and pervasive nature of the alleged harassment, and its probative value is not substantially outweighed by the danger of unfair prejudice to plaintiff pursuant to Federal Rule of Civil Procedure 403.

  c. Plaintiff's motion to exclude evidence concerning her alleged insubordination

2

(ECF No. 112, ¶ 5) is **DENIED**. Plaintiff is claiming a hostile work environment, and the jury is entitled to know all of the circumstances concerning her work environment. As regards her termination, the jury will be instructed that it may infer nothing from the fact that plaintiff no longer works for defendants, as termination is not an issue in this case.

  d. Plaintiff's motion to exclude evidence concerning the fact that she provided a paper MAR [Medication Administration Report] to the Department of Health Services, which defendants learned about only after her employment had ended, (ECF No. 112, ¶ 6) is **GRANTED**. Such evidence is irrelevant and any probative value is outweighed by the danger of unfair prejudice to plaintiff.

  e. Plaintiff's motion to exclude evidence related to her workplace injury (ECF No. 112, ¶ 7) is **DENIED**. This evidence is relevant to plaintiff's alleged hostile work environment and claimed damages.

  f. Plaintiff's motion to exclude the notarized statement of Debra Warren concerning plaintiff's employment and termination (ECF No. 112, ¶ 8) is **DENIED as moot**, as Warren will testify at trial.

  g. Plaintiff's motions to exclude certain documentary evidence (ECF No. 112, ¶ 9) and witnesses (ECF No. 112, ¶ 11) she claims were not timely produced and identified are **DENIED**.

  h. Plaintiff's motion to exclude from evidence at trial the deposition transcripts of Rosezonda Martin, Debra Warren and C.J. Long (ECF No. 112, ¶ 10) is **DENIED**. The parties may use deposition transcripts at trial in a manner consistent with the Federal Rules of Civil Procedure, and any issues that arise will be addressed at trial.

  i. Plaintiff's motion in limine to require defendants to produce everything that will

be displayed to the jury during opening and closing statements (ECF No. 112, ¶ 12) is **DENIED**. However, if either party intends to use during opening statements a document with questionable evidentiary value, the court directs the party to raise the issue with the court prior to trial.

5. Defendants' motion in limine to exclude hearsay and character evidence concerning C.J. Long's alleged harassment of other female employees (ECF No. 113) is **TAKEN UNDER ADVISEMENT** and will be addressed at trial. Such evidence may be relevant and probative in this hostile work environment case provided the proper evidentiary foundation is laid.

6. Plaintiff's second motion in limine to exclude certain photographs she claims were not timely produced in discovery (ECF No. 127) is **DENIED**.

7. The trial in this case will not be bifurcated.

It is **SO ORDERED**.

Entered: 05-13-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge